UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUARANTEE REAL ESTATE, a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE HANOVER INSURANCE COMPANY, a New Hampshire corporation, and DOES 1 to 20,<br><br>Defendants. | No. 1:14-cv-00860-TLN-MJS<br><br>**ORDER** |

This matter is before the Court on Defendant The Hanover Insurance Company's ("Defendant") Motion to Strike Allegations from Plaintiff Guarantee Real Estate's ("Plaintiff") Complaint. (Def.'s Mot. to Strike, ECF No. 5.) Plaintiff opposes the motion. (Pl.'s Opp'n, ECF No. 8.) For the reasons set forth below, the Court construes Defendant's Motion to Strike as a Motion to Dismiss and GRANTS the motion.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On June 6, 2014, Plaintiff, a licensed real estate broker, filed its Complaint against Defendant, its professional liability insurer, alleging causes of action for breach of contract, bad faith handling and denial of claims, and unfair business practices. (Compl., ECF No. 1-2.) In conjunction with Plaintiff's cause of action for bad faith handling and denial of claims, Plaintiff

1

seeks to recover punitive damages.  (ECF No. 1-2 at 11–12.)  Plaintiff's claims arise from an insurance policy that Plaintiff purchased from Defendant in March 2012.  (ECF No. 1-2 at 5.)  The insurance policy, *inter alia*, requires Defendant to defend and indemnify Plaintiff for claims involving Plaintiff's wrongful acts in the rendering of, or failure to render, professional services as a licensed real estate broker.  (ECF No. 1-2 at 5.)  Plaintiff filed this suit after Defendant refused to defend and indemnify Plaintiff in another suit brought against Plaintiff.[1]  (ECF No. 1-2 at 5–6.)

On June 13, 2014, Defendant filed its Motion to Strike.  (ECF No. 5.)  Defendant moves to strike Plaintiff's allegations relating to its claim for punitive damages, specifically Allegation Number Forty-Three and Prayer for Relief Number Four.  (ECF No. 5 at 2.)  Defendant contends that Plaintiff's punitive damages allegations are "insufficient, immaterial, impertinent or scandalous."  (ECF No. 5 at 2.)  Prayer for Relief Number Four seeks "exemplary damages in an amount to punish [Defendant] for its tortious breach of the POLICY;[2] according to proof at trial[.]"  (ECF No. 1-2 at 12; ECF No. 5 at 2.)  Allegation Number Forty-Three provides,

> In performing the acts and omissions to act and creating the conditions alleged herein, [Defendant] acted or failed to act with the intent to injure [Plaintiff] and acted with malice, oppression and/or fraud.  Further, the acts of [Defendant] were despicable and in conscious disregard of the probability that damage would occur to [Plaintiff] and, thus, the conduct alleged herein, supports an award of punitive damages, pursuant to Civil Code section 3249 [sic], in an amount designed to punish [Defendant] and to deter such conduct in the future.

(ECF No. 1-2 at 10–11; ECF No. 5 at 2.)  On June 27, 2014, Plaintiff filed its Opposition to Defendant's Motion to Strike.  (ECF No. 8.)  Plaintiff opposes the Motion to Strike on several grounds:

1. A motion to strike, pursuant to FRCP, Rule 12(f) is an inappropriate attack on a prayer for punitive damages;
2. The allegations [Defendant] seeks to strike have a 'possible relation to the

---

[1] Defendant claims that it denied Plaintiff coverage based on several insuring provisions and exclusions in its policy, including its "prior and pending litigation" exclusion.  (Mem. of P.&A. in Supp. Of Def.'s Mot. to Strike, ECF No. 5-1 at 2.)

[2] Plaintiff's Allegation Number 7 clarifies the meaning of "POLICY."  (ECF No. 1-2 at 5.)  "POLICY" refers to the Professional Liability Policy, Number LHF 946137500, which Plaintiff purchased from Defendant in March, 2012.  (ECF No. 1-2 at 5.)

controversy;
3. [Defendant] has not demonstrated it will suffer any prejudice as a result of the allegations;
4. [Plaintiff] has asserted a claim, *which if proved*, would entitle it to an award of punitive damages (i.e., the Second Cause of Action for Bad Faith Handling and Denial of Claims); and
5. [Plaintiff] has pled the claim for punitive damages with the requisite particularity/specificity, but, [Defendant] fails to set forth or consider all of the allegations in the Complaint, which support the prayer for punitive damages.

(ECF No. 8 at 2.)  Additionally, Plaintiff requests the Court to permit Plaintiff leave to amend any insufficiency in its Complaint should the Court grant Defendant's Motion to Strike.  (ECF No. 8 at 9.)

## II. LEGAL STANDARD

### a. Motion to Strike

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A court will only consider striking a defense or allegation if it fits within one of these five categories. *Yursik v. Inland Crop Dusters Inc.*, No. CV-F-11-01602-LJO-JLT, 2011 WL 5592888, at *3 (E.D. Cal. Nov. 16, 2011) (citing *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973–74 (9th Cir. 2010)).  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  However, Rule 12(f) motions are "generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003).  "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court."  *Id*. Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979); *see also* Fed. R. Civ. P. 15(a)(2).  If the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving the assessment of the sufficiency of the

3

allegations for adjudication on the merits after proper development of the factual nature of the claims through discovery. *See generally Whittlestone*, 618 F.3d at 974–75.

Where a defendant seeks to challenge the sufficiency of factual allegations in a complaint, it must do so through a Rule 12(b)(6) motion, not a Rule 12(f) motion. *Kelley v. Corr. Corp. of Am.*, 750 F. Supp. 2d 1132, 1146 (E.D. Cal. 2010) (citing *Consumer Solutions REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1020 (N.D. Cal. 2009)). "[W]here a motion is in substance a Rule 12(b)(6) motion, but is incorrectly denominated as a Rule 12(f) motion, a court may convert the improperly designated 12(f) motion into a Rule 12(b)(6) motion." *Id*. (citing *Consumer Solutions*, 658 F. Supp. 2d at 1021).

### b. Motion to Dismiss

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the

form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff has failed to "nudge[] [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III. ANALYSIS

Defendant moves the Court to strike Plaintiff's Allegation Number Forty-Three and Prayer for Relief Number Four. (ECF No. 5 at 2.) The Court finds that Rule 12(f) is an inappropriate basis for Defendant's Motion.

#### a. Defendant's Motion to Strike is Improper

Defendant requests the Court to strike Plaintiff's punitive damages allegations "on the grounds that such allegations are insufficient, immaterial, impertinent or scandalous." (ECF No. 5 at 2.) In reality, Defendant's Motion to Strike is based solely on the contention that Plaintiff's claim for punitive damages is insufficient. (*See generally* Mem. of P.&A. in Supp. Of Def.'s Mot. to Strike, ECF No. 5-1; ECF No. 12.)

A motion to strike must involve (1) an insufficient defense, (2) a redundant matter, (3) an immaterial matter, (4) an impertinent matter, or (5) a scandalous matter. Fed. R. Civ. P. 12(f); *Yursik*, 2011 WL 5592888, at *3 (citing *Whittlestone*, 618 F.3d at 973–74). A defendant may not move to strike factual allegations on the grounds that the allegations are insufficient. *Kelley*, 750 F. Supp. 2d at 1146 ("The proper medium for challenging the sufficiency of factual allegations in a complaint is through Rule 12(b)(6) not Rule 12(f).") (citing *Consumer Solutions*, 658 F. Supp. 2d at 1020). "[W]here a motion is in substance a Rule 12(b)(6) motion, but is incorrectly denominated as a Rule 12(f) motion, a court may convert the improperly designated 12(f) motion into a Rule 12(b)(6) motion." *Id*. (citing *Consumer Solutions*, 658 F. Supp. 2d at 1021).

Defendant's Memorandum of Points and Authorities in Support of its Motion to Strike (ECF No. 5-1) and Defendant's Reply to Plaintiff's Opposition (ECF No. 12) clarify that Defendant's Motion to Strike challenges only the sufficiency of Plaintiff's punitive damages claim. Specifically, Defendant argues that "Plaintiff's Punitive Damage Allegations are Insufficient as a Matter of Law and Should be Striken" and that "[Plaintiff] Has Failed to Allege Sufficient Facts Showing That [Defendant] Acted with Malice, Oppression or Fraud." (ECF No. 5-1 at 4–6.) Defendant's Motion to Strike does not involve striking an insufficient defense—nor does Defendant's Motion involve striking a redundant, immaterial, impertinent, or scandalous

matter. Therefore, Defendant's Motion to Strike does not involve any of the five categories listed in Rule 12(f) of the Federal Rules of Civil Procedure.

Defendant's Motion to Strike is in substance a Rule 12(b)(6) motion because it involves the sufficiency of Plaintiff's claim for punitive damages. Accordingly, the Court converts Defendant's Motion to Strike to a Motion to Dismiss.

### b. Plaintiff Fails to Allege Sufficient Facts for a Punitive Damages Claim

Plaintiff's claim for punitive damages arises from its tort claim for bad faith handling and denial of claims. (ECF No. 1-2 at 9–12; *see also* ECF No. 8 at 2.) Defendant argues that Plaintiff does not allege sufficient facts to show Defendant acted with malice, oppression, or fraud. (ECF No. 5-1 at 4–6.) Plaintiff responds that its Complaint adequately states a claim for punitive damages. (ECF No. 8 at 7–8.)

"Under Rule 12(b)(6), a court may dismiss a complaint for failure to state a claim upon which relief may be granted 'based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Granger v. Lowe's Home Ctrs., LLC*, No. 1:14-cv-01212-KJM-SKO, 2014 WL 4976134, at *5 (E.D. Cal. Oct. 3, 2014) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). When a plaintiff alleges a claim for punitive damages, a court may dismiss the claim if the plaintiff fails to allege sufficient facts to show "oppression, fraud, or malice."[3] Cal. Civ. Code § 3294(a). Moreover, facts are insufficient when the plaintiff asserts "nothing more than conclusory allegations" of oppression, fraud, or malice. *Kelley*, 750 F. Supp. 2d at 1147. "Oppression" is defined as "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." Cal. Civ. Code § 3274(c)(2). "Fraud" is "an intentional misrepresentation, deceit, or

///

///

---

[3] California Civil Code § 3294(a) states,
> In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the *defendant has been guilty of oppression, fraud, or malice*, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.

*Id.* (emphasis added).

concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury." *Id.* at § 3274(c)(3). "Malice" is "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." *Id.* at § 3274(c)(1).

Thus, with respect to Defendant's converted Motion to Dismiss Plaintiff's claim for punitive damages, the question for the Court is whether Plaintiff sufficiently alleges "oppression, fraud, or malice." Plaintiff does no more than offer a legal conclusion couched as a factual allegation. Plaintiff states, ". . . [Defendant] acted or failed to act with the intent to injure [Plaintiff] and acted with *malice, oppression and/or fraud. . . .*" (ECF No. 1-2 at ¶ 43) (emphasis added).[4] Plaintiff's conclusory allegations fail to provide Defendant with fair notice of the nature of Plaintiff's claim for punitive damages. Therefore, the Court GRANTS Defendant's converted Motion to Dismiss Plaintiff's punitive damages claim. However, the Court hereby GRANTS Plaintiff leave to amend.

### IV.   CONCLUSION

For the reasons set forth above, the Court:

1. Construes Defendant's Motion to Strike under Federal Rules of Civil Procedure 12(f) as a Motion to Dismiss under 12(b)(6);

2. GRANTS Defendant's converted Motion to Dismiss the claim for punitive damages; and

///

---

[4] In addition to Allegation Number Forty-Three, Plaintiff cites fourteen allegations, claiming they support Plaintiff's claim for punitive damages. (ECF No. 8 at 2–4, 8) (referring to Allegation Numbers 7–8, 17–23, 25, 33–34, 36, and 40). None of the cited allegations meet the pleading standard required for a punitive damages claim. For example, in Allegation Number Thirty-Four, Plaintiff alleges, "[Defendant] breached the POLICY by denying all benefits under the POLICY and by failing to pay for the harm sustained, and continually being sustained, by [Plaintiff]." (ECF No. 1-2 at ¶ 34.) Plaintiff does not allege that Defendant engaged in any malicious, oppressive, or fraudulent conduct. Likewise, in Allegation Number Thirty-Six, Plaintiff claims, "[Plaintiff] has repeatedly demanded performance of [Defendant], under the POLICY, only to have [Defendant] deny coverage repeatedly." (ECF No. 1-2 at ¶ 36.) Once again, this allegation does not show malice, oppression, or fraud. Lastly, in Allegation Number Forty, Plaintiff accuses Defendant of engaging in "unreasonable and bad faith conduct." (ECF No. 1-2 at ¶ 40.) However, Plaintiff fails to allege that Defendant's conduct is also malicious, oppressive, or fraudulent. Therefore, the Court does not find that any of these allegations provide fair notice to Defendant of Plaintiff's punitive damages claim.

3. GRANTS Plaintiff leave to amend.  Should Plaintiff wish to file an amended Complaint, such Complaint must be filed within thirty days of the entry of this Order.

IT IS SO ORDERED.

Dated:  November 6, 2014

Troy L. Nunley
United States District Judge